```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENY COLLADO SANTANA,

        Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

22-CV-6014 (BCM)

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated December 6, 2024 (Dkt. 19), filed pursuant to § 206(b) of the Social Security Act (the Act), 42 U.S.C. § 406(b), plaintiff Gleny Collado Santana seeks an order approving an award of $11,800 to her attorneys, payable out of her past-due disability benefits, for the work that counsel performed in this action. For the reasons that follow, the motion will be granted.

## Background

Plaintiff filed this action against the Commissioner of the Social Security Administration (Commissioner) on July 14, 2022, to challenge the denial of her application for disability benefits. *See* Compl. (Dkt. 1) ¶¶ 6-11. The parties consented to my jurisdiction for all purposes. (Dkt. 12.) After the Complaint was filed, but before any further proceedings took place in this Court, the parties stipulated to remand the action for further administrative proceedings, which the Court so-ordered on January 3, 2023. (Dkt. 15.) On January 9, 2023, on the parties' stipulation, the Court awarded $1,752.25 in fees and $402 in costs to plaintiff's attorneys, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Dkt. 18 at 1-2.)

On remand, the Social Security Administration (SSA) found plaintiff disabled as of January 31, 2011, and on November 30, 2024, it issued a Notice of Award, *see* Binder Decl. (Dkt. 21) Ex.

C (Not. of Award), advising plaintiff that she was entitled to past-due benefits in the amount of $84,173.[1]

In February 2019 – shortly after she first applied for benefits – plaintiff entered into a Retainer Agreement with Charles E. Binder & Harry J. Binder Attorneys at Law, LLP (Binder & Binder). *See* Binder Decl. Ex. A (Ag.). Under the Agreement, if this Court remanded plaintiff's case to the SSA (which it did), and if, on remand, plaintiff secured an award of past due benefits (which she has), Binder & Binder is to receive a fee of up to 25% of the past due benefits for work on plaintiff's case. Ag. § 3.

The Commissioner does not object to plaintiff's motion, but asks that the Court "direct that Plaintiff's counsel reimburse Plaintiff the fees [s]he previously received under the EAJA." (Dkt. 22 at 2); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002) ("Fee awards may be made under both [§ 406(b) and the EAJA], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . up to the point the claimant receives 100 percent of the past-due benefits.") (cleaned up). Plaintiff's attorneys have acknowledged their obligation to refund the EAJA award to their client upon payment of her § 406(b) award. Binder Decl. ¶ 12.

## Legal Standard

Under § 406(b), a federal district court that has rendered a judgment "favorable to the claimant" in a case brought under the Act may award a fee of up to 25% "of the total of the past-

---

[1] The SSA did not state in its Notice of Award the total amount of the past-due benefits. However, it advised plaintiff that it "usually withhold[s] 25 percent of past-due benefits in order to pay the approved lawyer's fee" and in this case had "withheld $21,043.25 . . . to pay your lawyer." Not. of Award at 3. The Notice further advised plaintiff that she would receive a check for $64,560.45. *Id.* at 2. I therefore extrapolate that plaintiff's past due benefits amount to $84,173 ($21,043.25 x 4). *See Sinkler v. Berryhill*, 932 F.3d 83, 86 n.4 (2d Cir. 2019) ("In practice, the SSA 'withholds a single pool of 25% of past-due benefits for direct payment of agency and court fees.'") (quoting *Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019)).

due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Courts review § 406(b) applications for timeliness and reasonableness. An application is timely when it is made within fourteen days of receiving the notice of award. *See Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the 25% limit; (b) whether the retainer was the result of fraud or overreach by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided. *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017), *adopted*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

## **Application**

The Notice of Award was issued on November 30, 2024. Plaintiff timely filed the present motion six days later, on December 6, 2024.

Turning to the merits, I find that the *Pelaez* factors all weigh in favor of plaintiff's request. The requested $11,800 fee represents less than 14% of plaintiff's award, well within the 25% statutory limit. 42 U.S.C. § 406(b)(1)(A). Moreover, there is no evidence in the record that the Agreement was the result of fraud or overreach.

The only remaining question is whether the requested award "is so large as to be a windfall." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Binder & Binder expended 7.4 hours of attorney time in this action (1.6 hours billed by Charles E. Binder and 5.8 hours by Daniel S. Jones). *See* Binder Decl. Ex. C. This includes the time spent reviewing the administrative record, preparing the Complaint, drafting a court-ordered settlement letter addressed to the Commissioner, negotiating the terms of the parties' stipulation to remand, and seeking the Court's approval of that stipulation. The requested $11,800, when divided by the 7.4 hours expended on this action, implies a de facto hourly rate of $1,594.59 per hour. Although it may be "difficult to justify" such a rate

in a social security case "as part of a traditional 'lodestar' analysis, a 'lodestar' analysis does not apply." *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018). "[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Thus, before reducing a fee award on "windfall" grounds, our Circuit requires that the court consider the four factors enumerated in *Fields*. *Id.* at 854-56.

I have considered the *Fields* factors – the ability and expertise of the lawyers, the nature of the professional relationship, plaintiff's satisfaction, and the uncertainty of the litigation, *see Fields*, 24 F.4th at 854-56 – and conclude that the requested award is not a prohibited windfall. *See id.* at 856 n.10 (awarding fees for attorneys Jones and Binder at a de facto hourly rate of $1,556.98, and collecting cases). As the Second Circuit recently noted, "there is no doubt that Binder & Binder's specialization and expertise enabled them to operate especially efficiently." *Id.* at 854; *accord Camardella v. Comm'r*, 2024 WL 1484097, at *3 (S.D.N.Y. Apr. 5, 2024). Here, Binder & Binder attorneys secured a stipulation remanding the matter to the SSA without the need for motion practice. Moreover, counsel states in his brief that Binder & Binder represented plaintiff "over an extended period of time, since February 2019" (Dkt. 20 at 3), and the record shows that she ultimately obtained a substantial award of past-due benefits. There is no evidence that plaintiff was not satisfied with her counsel's representation. Finally, with regard to the "uncertainty" factor, there is never any guarantee that a contingency case will be successful. "Lawyers who operate on contingency – even the very best ones – lose a significant number of their cases and receive no compensation when they do." *Fields*, 24 F.4th at 855.

Accordingly, I conclude that the $11,800 now requested does not constitute a windfall.

4

**Conclusion**

For these reasons, plaintiff's motion (Dkt. 19) is GRANTED and Binder & Binder is awarded the sum of $11,800, to be paid out of plaintiff's past-due benefits. Counsel is directed, upon payment of the § 406(b) award, to refund $1,752.25 to plaintiff.

Dated: New York, New York  
       January 3, 2025

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**